UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> H&H SHEET METAL & CONTRACTING COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 1:21-cv-00407 (RDA/IDD) ) ) ) ) ) ) ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC"), (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) ("Motion") against Defendant H&H Sheet Metal & Contracting Company ("Defendant" or "H&H"). Dkt. No. 27. After Defendant failed to secure substitute counsel by the Court-ordered deadline or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** on all counts of the Complaint.

1

## I. INTRODUCTION

On April 1, 2021, Plaintiffs filed this action under Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451, and under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (collectively, "Acts"). Compl. ¶ 1. These Acts allow parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek delinquent contributions, unpaid withdrawal liability, interest, liquidated damages, and attorney's fees and costs, pursuant to ERISA and the LMRA. *Id*.

### A.  Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under two federal laws, ERISA and the LMRA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of LMRA, 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of

process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)). A citizen of the United States would have difficulty showing such extreme inconvenience or unfairness. *Id*. Here, the Funds are administered in Falls Church, Virginia, (Compl. ¶ 2), which is within the Eastern District of Virginia and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under Missouri law and has its principal place of business in Missouri, (Compl. ¶ 10), it would be "highly unusual" for Defendant to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district, and their principal place of business is in Falls Church, Virginia. *See* Compl. ¶ 2. Therefore, venue is appropriate in this Court.

### B.  Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On April 10, 2021, a private process server served a true and correct copy of the Summons and Complaint on Anthony Kaiser, who was designated by law to accept service of process on behalf of H&H Sheet Metal & Contracting Company. Dkt. No. 4. Therefore,

Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on April 1, 2021. Dkt. No. 1. Defendant filed its answer to the Complaint on May 17, 2021. Dkt. No. 7. Subsequently, on September 17, 2021, Defendant's counsel filed a Motion to Withdraw as Attorney which the Court granted on September 28, 2021. Dkt. Nos. 14, 18. On October 13, 2021, Plaintiffs filed a Motion to Direct Defendant to Secure Substitute Counsel or to Enter Default and an accompanying memorandum in support of the motion. Dkt. Nos. 19-20. On October 29, 2021, the undersigned heard oral argument on the motion, took the matter under advisement, and ordered Plaintiffs to file a supplemental brief regarding Defendant's status as a corporation and which of its potential assets, if any, were available to satisfy Plaintiff's claims. Dkt. No. 23. Plaintiffs filed their supplemental brief on November 3, 2021, and the Court, being satisfied with the representations made by Plaintiffs, ordered Defendant to retain new counsel by November 12, 2021; otherwise, the Clerk would be directed to enter default against Defendant. Dkt. Nos. 24-25. On November 15, 2021, the Clerk entered default against the Defendant. Dkt. No. 26. On November 26, 2021, Plaintiffs filed a Motion for Default Judgment and accompanying memorandum in support of the motion. Dkt. Nos. 27-28. After Defendant failed to comply with or respond to any of the Court's orders, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II.     EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action.

*See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Plaintiffs—NPF, ITI, SASMI, SMOHIT, and NEMIC—are

the trustees of multi-employer employee benefit plans administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia. Compl. ¶¶ 4–8. Defendant is a Missouri corporation with its principal place of business in Valley Park, Missouri. *Id.* ¶ 10. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id*.

Defendant is signatory to the Standard Form of Union Agreement and Addenda ("CBA" or "Agreement") with Local Union No. 36 ("Local 36" or the "Union"), and is obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs for all hours worked or paid on behalf of Defendant's covered employees. Compl. ¶¶ 11-12. During the period of November 2019 through January 2020, Defendant employed certain employees within Local 36 who were covered under the Agreement. *Id*. ¶ 16. Defendant failed to make all obligatory contributions to Plaintiffs for work performed at the Defendant's request for the months of November 2019 through January 2020. *Id*. The Fund's records show that H&H owes $6,512.00 as a result of its delinquent contributions. *See* Anderson Decl., ¶ 22., Dkt. No. 28-1.

The Funds also determined that Defendant effected a complete withdrawal from the NPF on or about February 1, 2020 and was obligated to pay provisional withdrawal liability pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c). Br. in Supp. of Pl.'s Mot. for Default J. at 4,10. To date, Defendant has not cured its failure to make any of its statutorily required withdrawal liability payments. *Id.* at 5. The amount owing, including resultant interest, liquidated damages, and audit testing fees, is $364,552.32. *Id.* at 6.

### A. Count I – Delinquent Contributions

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the

6

required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan not to exceed 20 percent of the unpaid contributions, reasonable attorney's fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

According to the Agreement and the Trust Document signed by Defendant, Defendant was obligated to provide reports to Plaintiffs and timely contribute to the Funds in accordance with those reports. Br. in Supp. of Pl.'s Mot. for Default J. at 10. Notwithstanding, Defendant failed to timely remit contributions owed during the period of November 2019 through January 2020. Plaintiffs filed a declaration in support of its motion, reflecting that Defendant owes contributions in the amount of $4,526.97, $793.62 in interest (as of December 1, 2021), $905.39 in liquidated damages on unpaid contributions, and $286.02 in interest and liquidated damages on late paid contributions. Anderson Decl., ¶¶ 19-21., Dkt. No. 28-1. Therefore, the undersigned finds that Defendant owes $6,512.00 to the Plaintiff Funds as a result of its delinquent contributions.

### B. Count II – Withdrawal Liability

On or about February 1, 2020, Defendant H&H executed a complete withdrawal from the Plaintiff Funds and was required to pay withdrawal liability on a payment schedule pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c). Br. in Supp. of Pl.'s Mot. for Default J. at 8. On August 27, 2020, the Fund sent a notice of withdrawal liability to Defendant, advising it of the same. According to Section 4219(b)(2)(A) of ERISA, H&H had 90 days from receipt of the initial notice, to request a review of the amount of the liability, or in the alternative, to review a payment schedule. *Id.* at 4. To date, Defendant has neither requested a review of the liability amount nor a payment

schedule. *Id* at 10. Defendant has also failed to make any of its scheduled payments. *Id.* When a party fails to pay its withdrawal liability as required by Section 4219(c) of ERISA, it is liable for the full principal withdrawal liability, plus interest and liquidated damages. *See* 29 U.S.C. § 1399(c)(5); 29 U.S.C. § 1399(c)(7). In that regard, upon review of Plaintiffs' supporting documentation, the undersigned finds Defendant liable for the remaining unpaid principal of the withdrawal liability in the amount of $285,831.61, interest on the unpaid withdrawal liability, calculated through December 1, 2021, in the amount of $21,554.39, and liquidated damages in the amount of $57,166.32 for a total withdrawal liability of $364,552.32. *See* Br. in Supp. of Pl.'s Mot. for Default J. at 11.

### C. Attorney's Fees and Costs

Finally, Plaintiffs seek $14,213.71 in attorney's fees and costs. Br. in Supp. of Pl.'s Motion for Default J. at 11. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from its attorney and a detailed billing statement in support of their request for attorney's fees and costs. Dkt. No. 28-4. In those documents, Plaintiffs claim $670.71 in costs and $13,543.00 in attorney's fees based on 61.2 hours of counsel time spent at a pre-litigation rate of $250.00 per hour for partners, a litigation rate of $275.00 per hour for partners, a pre-litigation rate of $225.00 per hour for associates, and a litigation rate of $150.00 per hour for paralegals. *See* Decl. of Diana M. Bardes ¶¶ 5-6, Dkt. No. 28-4. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiffs' request for attorney's fees and costs to be reasonable and recommends an award of $14,213.71.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air Conditioning Industry, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' Occupational Health Institute Trust, and the National Energy Management Institute Committee. In sum, Plaintiffs are entitled to damages in the total amount of $371,064.32 (including interest through December 1, 2021) and attorney's fees and costs in the amount of $14,213.71, for a total of $385,278.03.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

Anthony L. Kaiser
H&H Sheet Metal & Contracting Company
41 St. Louis Avenue
Valley Park, MO 63088
hetonyk@gmail.com

Robert E. Jones, Esquire and Ken Heinz, Esquire
Curtis, Heinz, Garrett & O'Keefe, P.C.
130 S. Bemiston, Suite 200
Clayton, Missouri 63105
REJones@chgolaw.com; KHeinz@chgolaw.com

April 6, 2022
Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

9