IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL, )
WORKERS' NATIONAL PENSION )
FUND, *et al.*, )
)
    Plaintiffs, )
)
v. )    Civil Action No. 1:21-cv-00407 (RDA/IDD)
)
H&H SHEET METAL & CONTRACTING )
COMPANY, )
)
    Defendant. )

## ORDER

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Ivan Davis on April 6, 2022. Dkt. 32. In this employee benefit plan administration case, Judge Davis recommends that the Court enter default judgment in favor of Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air Conditioning Industry, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' Occupational Health Institute Trust, and the National Energy Management Institute Committee ("Plaintiffs"). Judge Davis further recommends that Plaintiffs are entitled to $371,064.32 (including interest through December 1, 2021) and reasonable attorney's fees and costs of $14,213.71, totaling $385,278.03. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Judge Davis' Recommendation was April 20, 2022. To date, no objections have been filed.

After reviewing the record and Judge Davis' Recommendation, and finding no clear error,[1] the Court hereby APPROVES and ADOPTS the Recommendation.   Dkt. 32.   Accordingly, Plaintiffs' Motion (Dkt. 27) is GRANTED.

The Clerk is directed to enter judgment in favor of Plaintiffs pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
April 26, 2022

                                                  /s/
                                   Rossie D. Alston, Jr.
                                   United States District Judge

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (holding that in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").